1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Feb 22, 2024**

SEAN F. McAVOY, CLERK

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7  | INOSENSIO BUENAVENTURA,          | NO:  4:23-CV-05159-RMP |

8  |                       Plaintiff, |                        |

9  |            v.                    | ORDER OF DISMISSAL     |

10 | CITY OF PASCO POLICE             |                        |

11 | DEPARTMENT,                      |                        |

12 |                       Defendant. |                        |

13         On November 28, 2023, the Court received Plaintiff Inosensio

14  Buenaventura's *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  ECF

15  No. 1.  On November 30, 2023, the Clerk of Court instructed Plaintiff to keep the

16  Court informed of any change of address, stating, "If you do not provide written

17  notice of your change of address, the District Court Executive/Clerk cannot be

18  responsible for your inability to receive Court orders and correspondence."  ECF

19  No. 2.

20

ORDER OF DISMISSAL -- 1

1    At the time the Complaint was filed, Plaintiff was housed at the Benton

2   County Jail.  ECF No. 1-1 at 1.  However, mail addressed to Plaintiff at the

3   Benton County Jail, the last address provided, was returned as undeliverable on

4   December 13, 2023.  ECF No. 3.

5    Local Civil Rule 41(b)(2) requires a *pro se* litigant to keep the Court and

6   opposing parties advised as to his current mailing address.  If mail directed to a

7   *pro se* plaintiff is returned by the Postal Service, he has sixty (60) days to notify

8   the Court and opposing parties of his current address or the Court may dismiss the

9   action.  LCivR 41(b)(2).

10    The Court has an interest in managing its docket and in the prompt

11  resolution of civil matters.  *See Destfino v. Reiswig*, 630 F.3d 952, 959 (9th Cir.

12  2011) (affirming district court's inherent power to control its docket); *see also*

13  *Pagtalunan v. Galaza*, 291 F.3d 639, 642–44 (9th Cir. 2002) (discussing factors to

14  consider in dismissing claim for failure to prosecute or failure to comply with

15  court order, including the public's interest in expeditious resolution, the court's

16  need to manage docket, and the risk of prejudice to defendants).  Plaintiff has

17  failed to keep the Court apprised of his current address.

18  //

19  //

20  //

ORDER OF DISMISSAL -- 2

1    Accordingly, **IT IS ORDERED:**

2    1.  This action is **DISMISSED WITHOUT PREJUDICE** pursuant to

3    LCivR 41(b)(2).

4    2.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

5    of this Order could not be taken in good faith and would lack any arguable basis in

6    law or fact.

7    **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

8    Order, **enter judgment**, provide copies to Plaintiff at his last known address, and

9    **CLOSE** the file.

10    **DATED** February 22, 2024.

11

12    _____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Senior United States District Judge

13

14

15

16

17

18

19

20

ORDER OF DISMISSAL -- 3